UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ANNIE KANNIKA, et al., | Case No. C20-547RSM |
| Plaintiffs, | ORDER DENYING MOTIONS TO COMPEL AND FOR EXTENSION OF TIME |
| v. | |
| US CITIZENSHIP AND IMMIGRATION SERVICES, et al., | |
| Defendants. | |

This matter comes before the Court on Plaintiffs' "Motion to Compel Production of A-File Administrative Record" and Motion for "Temporary Abeyance of Motion Schedule." Dkts. #29 and #30. Plaintiffs again argue that they need more time to file a motion for summary judgment because the administrative record provided to Plaintiff and the Court is incomplete and unnecessarily redacted.

In this case brought under the Administrative Procedure Act ("APA"), Plaintiffs are "seeking review of a decision of the U.S. Citizenship & Immigration Services (USCIS), wherein the agency denied Plaintiff Annie Kannika's Petition for Alien Relative (I-130) seeking to classify her husband, Yoeun Phoeun as a 'immediate relative' for the purpose of allowing him to reside with her in the United States.". Dkt. #1. To briefly summarize the issue before the

ORDER - 1

Court, Defendants have submitted to the Court an administrative record that they say was based on what was before USCIS when it made its determination that the marriage between Mr. Phoeun and Mrs. Krub was a "sham." Plaintiffs argue that the entire "A-file"[1] should be in the administrative record, that they have obtained the entire A-file through a FOIA request, and that certain documents are missing or unnecessarily redacted in the administrative record.

Plaintiffs have raised this issue with the Court previously. *See* Dkt. #14. On December 4, 2020, the Court issued an Order finding that "many of the issues initially raised in this Motion has become moot as Defendants have clarified the nature of what was provided to Plaintiffs and sent more material to Plaintiffs." Dkt. #25. The Court extended the deadline for Plaintiff to file summary judgment briefing and assumed that all issues would be promptly resolved between the parties without further Court action. The Court once more extended the deadline for summary judgment briefing based on a stipulation from the parties. Dkt. #28. The latest deadline for Plaintiffs to file was January 6, 2021.

Instead of moving this case forward, on January 6 Plaintiffs filed the instant Motions. Plaintiffs' Motion for Temporary Abeyance of Motion Schedule states, in its entirety:

> Plaintiffs' motion for summary judgement is due on January 6, 2021. For the reasons stated in Plaintiffs' Motion to Compel Production of A-File Administrative Record (Dkt. 29), Plaintiffs respectfully ask the Court to hold the motion schedule in abeyance pending the outcome of the Court's decision on that motion.

Dkt. #30 at 1–2. This is a motion for relief from the deadline and, under this Court's Local Rules, a motion for relief from a deadline should, whenever possible, be filed sufficiently in advance of the deadline to allow the court to rule on the motion prior to the deadline. "Parties should not assume that the motion will be granted and must comply with the existing deadline

---

[1] The A-file at issue is, according to Plaintiffs, the complete agency record of Mr. Phoeun's applications and supporting evidence, submitted in connection with his eight-year marriage to U.S. Citizen Savy Krub and his current marriage to Annie Kannika.

ORDER - 2

unless the court orders otherwise." LCR 7(j). The Court finds that Plaintiffs have not been diligent in filing the instant Motion for Extension of Time. They have not set forth any explanation for their delay in filing this Motion on the actual date of the deadline in question, nor why they were unable to file their summary judgment motion in some form by the existing deadline. The Motion could easily be denied on that basis.

The Court has looked at the parallel Motion to Compel and will rule on these together. Although Plaintiff has previously stated, "Plaintiffs' counsel is in possession of an administrative record obtained through a Freedom of Information Act Request that contains 670 pages," Dkt. #14 at 2, the instant Motion to Compel seeks those very same records and states "[w]ithout examining the entire body evidence that the agency had access to, Plaintiffs cannot have confidence that they can make their full case," Dkt. #29 at 3. These positions do not seem consistent. Perhaps more logically, Plaintiffs argue that "the Court is also being denied access to the record that the law requires the Defendants to place before it." *Id*. However, Defendants point out that "Plaintiffs could have, but have not, moved to supplement the record with specific documents they claim to be relevant." Dkt. #32 at 3. The Court agrees. Plaintiffs have had multiple opportunities to move this case forward, relying on those documents that were in the administrative record or supplementing with documents that were obtained through a FOIA request. Instead we are arguing about discovery months after the summary judgment briefing was supposed to be filed.

In an APA action, the government is required to file a copy of the record of the agency proceeding, which Defendants filed. When the government certifies an administrative record, the government is entitled to a presumption that the record is the full, complete record, a presumption that can only be rebutted with "clear evidence to the contrary." *Cook Inletkeeper*

ORDER - 3

*v. EPA*, 400 F. App'x 239, 240 (9th Cir. 2010).  Plaintiffs' Motion is based on the assumption that their entire A-files are the record of the agency proceeding in this case. They have not shown such to be the case.  Plaintiffs have not submitted any evidence, much less "clear evidence," that the administrative record is missing files from the agency proceeding at issue. Plaintiffs speculate as to what is missing and fail to point to specific documents from the FOIA, redacted or otherwise, that they believe should have been included in the administrative record. Plaintiffs fail to demonstrate a need for specific documents.  The Court also notes that this Motion to Compel was filed too late for the Court to possibly grant relief in a timely fashion. Given all of the above, the Court will deny the Motion to Compel and thus both Motions.

After Plaintiffs originally stipulated to file their motion for summary judgment on October 19, 2020, *see* Dkt. #10, they have sought and obtained four extensions of time. Dkts. #12, #16, #25, and #28.  The Court does not entirely understand why Plaintiffs are delaying this case but will grant no further extensions.  Having reviewed the relevant briefing, the Court finds and ORDERS that Plaintiffs' Motions, Dkts. #29 and #30, are DENIED.  Plaintiff's briefing is past due.  Plaintiffs are to file their summary judgment motion no later than **Monday, January 25, 2021**.  The existing briefing schedule set forth at Dkt. #28 will otherwise remain unchanged.

DATED this 22nd day of January, 2021.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER - 4