UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ANNIE KANNIKA, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>US CITIZENSHIP AND IMMIGRATION SERVICES, et al.,<br><br>    Defendants. | Case No. C20-547RSM<br><br>ORDER DENYING MOTION FOR INTERLOCUTORY APPEAL |

This matter comes before the Court on Plaintiffs' Motion to Certify Order for Interlocutory Appeal. Dkt. #36. Plaintiffs move to certify for interlocutory appeal the question of Defendants' production of the complete A-file in this case, as addressed by the Court's January 22, 2021, Order denying Plaintiffs' Motion to Compel. *See* Dkt #34. Plaintiffs acknowledge that the Court's Order is not immediately appealable because it was not a "final decision" under 28 U.S.C. § 1291 and did not grant or deny an injunction. Plaintiffs argue that "what evidence the Defendants had access to in determining that Mr. Phoeun's first marriage was a sham marriage" is a controlling question of law, that there is "substantial ground for finding that the entire A-file must be produced in an action under the Administrative Procedure Act (APA)," and that the resolution of this question by the Ninth Circuit will "materially

ORDER DENYING MOTION FOR INTERLOCUTORY APPEAL - 1

advance the ultimate resolution of this litigation." Dkt. #36 at 1–2. Plaintiffs' only support for why this is a controlling question of law is to speculate as to what evidence was considered by USCIS. *See id.* at 5 ("It is entirely possible – perhaps likely – that the evidence which the agency is withholding mitigates against the conclusion that Mr. Phoeun's first marriage was a sham marriage, and that discounting that evidence was an arbitrary and capricious act by the agency."). The Court has already found that Plaintiffs have obtained the allegedly withheld documents they are talking about through a prior FOIA request, although Plaintiffs have alluded to redactions in those documents without providing further detail to the Court. *See* Dkt. #34 at 3. Plaintiffs point to no specific redactions here, and in any event contesting FOIA redactions is something that is properly pursued in a separate action. Plaintiffs argue that there is a substantial ground for difference of opinion without citation to new law. In their section addressing this issue, Plaintiffs cite only to *Thompson v. United States Dep't of Labor*, 885 F.2d 551, 555 (9th Cir. 1989), for the proposition that "in an action under the APA, the entire administrative record must be produced before the Court." *Id.* at 7. This case was cited in the original Motion to Compel and the proposition does not demonstrate a potential difference of opinion. *See* Dkt. #29 at 5. Plaintiffs are essentially moving for reconsideration of the Court's Order—without demonstrating error. Finally, Plaintiffs maintain that an immediate appeal will materially advance the litigation because the Court needs "full knowledge of the record" to determine whether the agency acted in an arbitrary and capricious manner. Dkt. # 36 at 8.

Under 28 U.S.C. § 1292(b), a district court may grant interlocutory appeal if an order "involves a controlling question of law" where there is "substantial ground for difference of opinion" and an immediate appeal will "materially advance the ultimate termination of the litigation." The proponent must demonstrate that "exceptional circumstances justify a

ORDER DENYING MOTION FOR INTERLOCUTORY APPEAL - 2

departure from the basic policy of postponing appellate review until after the entry of a final judgment." *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 475, 98 S. Ct. 2454, 57 L. Ed. 2d 351 (1978). "It is well settled that 'the mere presence of a disputed issue that is a question of first impression, standing alone, is insufficient to demonstrate a substantial ground for difference of opinion.'" *Couch v. Telescope Inc.*, 611 F.3d 629, 634 (9th Cir. 2010) (quoting *In re Flor*, 79 F.3d 281, 284 (2d Cir. 1996)). Courts traditionally find a substantial ground for difference of opinion where "the circuits are in dispute on the question and the court of appeals of the circuit has not spoken on the point, if complicated questions arise under foreign law, or if novel and difficult questions of first impression are presented." *Id.* (quoting 3 Federal Procedure, Lawyers Ed. § 3:212 (2010)); *see also Reese v. BP Exploration (Alaska) Inc.*, 643 F.3d 681, 688 (9th Cir. 2011) ("[W]hen novel legal issues are presented, on which fair-minded jurists might reach contradictory conclusions, a novel issue may be certified for interlocutory appeal without first awaiting development of contradictory precedent.").

The Court finds that Plaintiffs have failed to meet their burden of demonstrating that interlocutory appeal is warranted in this case. The Court seriously questions whether this discovery issue constitutes a controlling question of law. In any event, Plaintiffs' disagreement with the Court's prior ruling alone does not create the required "substantial difference of opinion." Plaintiffs have failed to demonstrate that this appeal will "materially advance the ultimate termination of the litigation." Plaintiffs cannot argue that the potential reversal of the Court's ruling alone satisfies this element. Such an argument could be made in every case by a dissatisfied party. Plaintiffs have not met the above standards for interlocutory appeal.

Having reviewed the relevant briefing, the Court finds and ORDERS that Plaintiffs' Motion to Certify Order for Interlocutory Appeal, Dkt. #36, is DENIED.

ORDER DENYING MOTION FOR INTERLOCUTORY APPEAL - 3

DATED this 19th day of February, 2021.

                                 RICARDO S. MARTINEZ
                                 CHIEF UNITED STATES DISTRICT JUDGE

ORDER DENYING MOTION FOR INTERLOCUTORY APPEAL - 4